IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julius Rashun Harris, #345163, ) | C/A No. 8:15-55-DCN-JDA |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Valerie Jackson; John Pate, ) | |
| Defendants. ) | |
| _____ ) | |

Julius Rashun Harris ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Allendale Correctional Institution ("Allendale"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## BACKGROUND

Plaintiff brings this lawsuit against John Pate ("Pate"), the warden at Allendale, and Valerie Jackson ("Jackson"), the disciplinary hearing officer ("DHO") at Allendale. [Doc. 1 at 1–2.] He seems to allege that on January 5, 2014, he was caught with three other inmates by the side of the cafeteria where they were attempting to help smuggle contraband. [*Id*. at 3.] He alleges he was charged and convicted of 901 class I escape, 815 evading a security device, and 820 damage, loss, destruction or defacing of property. [*Id*. at 3–4.] Plaintiff alleges various deficiencies in the disciplinary process, including portions of incident reports were not completed. [*Id*.] He alleges that Jackson found him guilty without supporting evidence, specifically emphasizing there was no evidence of escape. [*Id*.] Further, Pate allegedly wrongfully denied Plaintiff's Step 1 grievance. [*Id*.]

Plaintiff alleges, "I am currently in the Administrative Law Court waiting and my case number is 14C0896." He attached exhibits to the Complaint, one of which explains to Plaintiff that he may appeal the Step 2 grievance to the Administrative Law Court. [Doc. 1-1 at 2.]

Plaintiff seeks a reversal of the disciplinary conviction of all infractions related to the January 5, 2014, incident, his record cleared of those charges, and a transfer to Tyger River Correctional. [Doc. 1 at 4.] He alleges if he cannot have such relief, he seeks $100 for each day he has spent in the SMU "being that my grievance has passed the (215) two hundred and fifteen day deadline." [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state

a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

This action is subject to dismissal because Plaintiff fails to state a cognizable claim seeking damages and reversal of his alleged wrongful disciplinary conviction. Plaintiff cannot bring a § 1983 claim alleging that his SCDC disciplinary conviction violated his constitutional rights because that conviction has not yet been invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

3

> whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

The *Heck* holding applies to this case. Plaintiff alleges he was convicted by Jackson of 901 class I escape, 815 evading a security device, and 820 damage, loss, destruction or defacing of property based on an incident at Allendale on January 5, 2014. He does not allege that the conviction has been overturned. In fact, he alleges his appeal to the South Carolina Administrative Law Court is pending. Here, a favorable determination on the merits of Plaintiff's § 1983 claim against Jackson and Pate would imply that Plaintiff's disciplinary conviction and punishment were invalid. Because Plaintiff has not alleged that he already has successfully challenged the lawfulness of his disciplinary conviction, this § 1983 claim should be dismissed because a right of action has not accrued.[1] *See Frierson v. RC Turner,*

---

[1] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo,* C/A No. 0:10-443-JFA-PJG, 2010

*DHO*, C/A No. 5:13-966-MGL, 2013 WL 6193158, at *1 (D.S.C. Nov. 26, 2013) (holding that § 1983 claim for damages based on disciplinary proceedings was not cognizable because Plaintiff had not shown that the institutional conviction had been invalidated); *Barton v. Brown*, C/A No. 1:13-2380-JFA, 2013 WL 5526088, at *1 (D.S.C. Oct. 4, 2013) (explaining that the holding in *Heck* applies to a prisoner's claim for damages regarding loss of good time credits).

Moreover, to the extent Plaintiff seeks to overturn his disciplinary conviction by bringing this action, he fails to state a cognizable claim pursuant to § 1983. An action for habeas corpus relief, after fully exhausting state remedies, is the more appropriate vehicle for challenging Plaintiff's disciplinary conviction. *See Fox v. Ward*, C/A No. 3:06-3439-TLW-JRM, 2008 WL 550115, at *5 (D.S.C. Feb. 25, 2008).

## RECOMMENDATION

It is recommended that the District Court dismiss this action without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin<br>United States Magistrate Judge

February 6, 2015
Greenville, South Carolina

---

WL 2722997, at *2 (D.S.C. April 15, 2010), *Report and Recommendation adopted by*, 2010 WL 2722992 (D.S.C. July 9, 2010).

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).